UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STANFORD STOKES, )<br>)<br>Defendant. ) | No. 4:05 CR 59 CEJ<br>DDN |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE
REGARDING COMPETENCY OF DEFENDANT**

This action is before the court for a determination of whether or not defendant Stanford Stokes is competent to stand trial in this action. Pretrial matters were referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b). A competency hearing was held on August 30, 2005.

Defendant Stokes is charged by indictment with one count of being a felon in possession of a firearm.

Following a mental evaluation at the Metropolitan Correctional Center in Chicago, Illinois, a written mental health evaluation was submitted to the court. (Doc. 17.) Defendant Stokes was given a battery of mental and psychological tests, was observed, and was evaluated. After discussing the available data, the report found that defendant suffers from depressive disorder (not otherwise specified), marijuana abuse (in remission), alcohol abuse (in remission), and antisocial personality disorder. The report concludes with the opinions that, for the stated reasons, defendant may have a favorable therapeutic outcome. The statement of counsel at the hearing indicated that defendant's mental condition stabilized after he began receiving the appropriate medications. The report also stated that defendant has

> a clear and accurate factual, and rational understanding of
> his current court proceedings. Mr. Stokes also possesses
> a positive view of his attorney, and his capacity to
> interact effectively with counsel appears to be intact.

(Doc. 17 at 9.) At the hearing defendant did not dispute the expert's findings of competency.

## DISCUSSION

The Eighth Circuit has stated the requisite standards for competency to stand trial:

> [D]ue process requires that a defendant be able to perform the functions essential to the fairness and accuracy of a criminal proceeding. . . .
>
> "Due process requires that a defendant be tried only if he is competent to assist in his own defense." United States v. Voice, 627 F.2d 138, 140 (8th Cir. 1980). The question is "whether the accused 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.'" Id. at 141 (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)).

United States v. Hinton, 218 F.3d 910, 912 (8th Cir. 2000). In determining whether a defendant is competent to stand trial,

> "attention should be paid to any evidence of [the defendant's] irrational behavior, [the defendant's] demeanor before the trial court, available medical evaluations, and whether trial counsel questioned the defendant's competency before the court." [United States v. Day, 949 F.2d 973, 982 (8th Cir. 1991)]. . . . "'[N]ot every manifestation of mental illness demonstrates incompetence to stand trial . . . .' Similarly, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." [Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995), cert. denied, 517 U.S. 1247 (1996)](citations omitted). "Treatment with anti-psychotic drugs does not per se render a defendant incompetent to stand trial." [Sheley v. Singletary, 955 F.2d 1434, 1438 (11th Cir. 1992)].

Vogt v. United States, 88 F.3d 587, 591 (8th Cir. 1996).

The undersigned finds and concludes from the entire record that defendant Stanford Stokes is competent to stand trial. He is able to consult with his attorney with a reasonable degree of rational understanding. He also has a rational and factual understanding of the nature and seriousness of the proceedings against him.

For these reasons,

**IT IS HEREBY RECOMMENDED** that defendant Stanford Stokes be found by the court to be competent to stand trial.

The parties are advised they have ten (10) days to file written objections to this Report and Recommendation. The failure to file objections may result in a waiver of the right to appeal issues of fact.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 8, 2005.